Kennedy, J.,
dissenting.
{¶ 34} For reasons described by the majority, this case turns on the proper allocation of the burden of proof. The majority emphasizes the burden on L.J. Smith, Inc. (“Smith”) as the complainant to demonstrate that the Harrison County Board of Revision (“BOR”) obtained jurisdiction through the proper filing of a complaint by Smith. It also regards the presumption of regularity to have been rebutted. Because the majority focuses on the proponent’s burden to show jurisdiction, it concludes that it must affirm the BTA’s finding and reject Smith’s appeal. I respectfully dissent.
{¶ 35} In my view, the majority’s analysis fails to devote adequate scrutiny to one particular aspect of the presumption of regularity: the quite natural presumption that a complaint was indeed filed that arises by virtue of the BOR’s having issued two orders declaring themselves to be decisions “on the * * * complaint.” As the majority notes, under our case law a “presumption of regularity * * * attaches to official actions.” Gaston v. Medina Cty. Bd. of Revision, 133 Ohio St.3d 18, 2012-Ohio-3872, 975 N.E.2d 941, ¶ 16, citing Toledo v. Levin, 117 Ohio St.3d 373, 2008-Ohio-1119, 884 N.E.2d 31, ¶ 28. Quite simply, “in the absence of evidence to the contrary, public officers * * * within the limits of the jurisdiction conferred by law, will be presumed to have properly performed their duties and not to have acted illegally but regularly and in a lawful manner.” State ex rel. Shafer v. Ohio Turnpike Comm., 159 Ohio St. 581, 590, 113 N.E.2d 14 (1953); see also Wheeling Steel Corp. v. Evatt, 143 Ohio St. 71, 54 N.E.2d 132 (1944), paragraph seven of the syllabus (same). In this case, the issuance of the BOR’s orders raised a strong presumption that Smith had indeed filed its complaint, and Smith may rely on that presumption unless the presumption itself has been rebutted. Accordingly, the issue as I see it lies in whether the evidence in the record rebuts that presumption; in my view, it does not.
{¶ 36} The majority correctly observes that the BOR defaulted on its statutory duty to certify a transcript to the BTA and that that transcript would usually show the filing of the complaint. Unlike the majority, however, I am not willing to conclude that the BOR’s failure to certify the transcript throws the burden *122 fully back onto Smith to prove the filing of the complaint. The BOR’s manifest failure to comply with its statutory duties does not rebut the very strong presumption that the BOR orders do in fact relate to a complaint that was actually filed with, and considered by, the BOR.
{¶ 37} The majority also faults Smith for not submitting a date-stamped copy of the complaint or mail receipts evidencing receipt of the complaint by the BOR. I do not share the majority’s concern about the state of the record in this regard, because I believe that the burden on Smith was a lesser one than that imposed by the majority.
{¶ 38} Smith proffered the complaint that it said had been filed. Once the auditor, by a terse and conclusory affidavit, denied that that complaint had been filed, Smith acquired the burden of going forward by presenting additional evidence. It discharged that burden by submitting the Guy affidavit, having previously submitted a copy of the complaint, which was notarized on March 19, 2010. Although the Guy affidavit is not as detailed as it ideally ought to be, the affidavit is sufficient to prevent the auditor’s affidavit from rebutting the presumption that a complaint was filed.
{¶ 39} We must bear in mind that the auditor is the BOR’s secretary under R.C. 5715.09 and is required to “keep an accurate record of the proceedings of the board.” Yet the auditor failed to submit a transcript to the BTA (or a statement that no transcript existed), and he also failed to certify in his affidavit that he had searched the BOR’s records for a complaint. Moreover, if no complaint was in fact filed, the auditor committed a grave statutory error by causing BOR decisions to be issued. I would decline to subject Smith to adverse consequences on account of the auditor’s failure to carry out his statutory duties properly.
{¶ 40} Accordingly, I conclude that there has been no rebuttal of the presumptive filing of the complaint. My conclusion is bolstered by the brief filed by the auditor and the BOR before this court: the brief does not offer support for the BTA’s conclusion that no complaint was filed, but instead asserts that “the true question before this Court is one of procedural due process.” Thus, the county embraces Smith’s preferred solution of remanding for a proper hearing.
{¶ 41} For the foregoing reasons, I would hold that the presumptive filing of the complaint has not been rebutted on this record. I would reverse the BTA’s decision and remand to the BOR, with the instruction that the case proceed under the complaint that was submitted in these proceedings. On remand, the BOR would give all the proper notices and hold a statutory hearing on the merits of Smith’s complaint.
{¶ 42} I respectfully dissent from the majority’s contrary judgment.
Pfeifer, J., concurs in the foregoing opinion.
*123 Kyler, Pringle, Lundholm & Durmann, L.P.A., and J. Kevin Lundholm, for appellant.
Pepple & Waggoner, Ltd., and Thomas Cr Holmes, for appellee Conotton Valley Union Local School District Board of Education.
Michael B. Washington, Harrison County Prosecuting Attorney, for appellees Harrison County auditor and Harrison County Board of Revision.